**FISHER v. SPORL et ux.**

No. 14825.

Court of Appeal of Louisiana. Orleans.

Dec. 10, 1934.

Blasi & Sehrt and Jos. F. Blasi, Jr., all of New Orleans, for appellant.

John Singreen, of New Orleans, for appellees.

JANVIER, Judge.

Mahalia Fisher, a washerwoman employed by Mr. and Mrs. E. M. Holderith, seeks redress from Mr. and Mrs. Walter J. Sporl for injuries she alleges she sustained as the result of the bite of a dog owned and harbored, by the said defendants.

Defendants deny liability, asserting, in the first place, that the said Mahalia Fisher, at the time of the alleged attack, was a trespasser in the yard in which she claims to have been bitten; that, in the second place, there is not sufficient proof that plaintiff was attacked and bitten by the dog; that, in the third place, the said dog had never previously exhibited a vicious disposition; and, finally, that, if the attack actually occurred and if the said dog had ever before exhibited a tendency towards viciousness, this character·istic was entirely unknown to defendants.

In the district court a jury rendered a verdict in favor of defendants, and, from a judgment based thereon, plaintiff has appealed.

Directing our attention, first, to the two questions which appear to us of greatest importance, we notice an irreconcilable conflict regarding the previous exhibitions of viciousness and also with reference to the knowledge, or lack of knowledge, of defendants of the exhibitions by the dog of ferocious characteristics, which exhibitions are testified to by plaintiff and the witnesses produced by her and are absolutely denied by the defendants and their witnesses.

The case was acrimoniously contested, and, it is quite obvious that the witnesses are divided into two hostile groups, which division seems to result from a neighborhood feud over the hanging of clotheslines in a yard used in common by various tenants of a landlord who furnished only one rear yard for

the joint use of four different tenants and of such friends of the tenants as might be able to obtain permission also to use it.

The witnesses of one group testified to various attacks of which the dog in question had previously been guilty, whereas those of the other group, with equal vehemence and positiveness, stated that the dog had always been possessed of a remarkably docile and friendly temperament and that the opposing witnesses had themselves often petted and played with the animal and had allowed their children to do so as well. In rebuttal of this evidence, the parents of the children, with singular unanimity, deny any such fondness of their respective children for the dog and assert that, whenever the vicious canine was at large, they kept their young offspring carefully within doors.

We see no necessity to refer to the many decisions of this and other courts touching upon legal questions resulting from dog bites in other cases and under other circumstances, because here there are presented only questions of fact: First, had the dog exhibited vicious tendencies prior to the alleged attack on Mahalia Fisher; and, second, if so, did the defendants know, or should they have known of these evidences of viciousness?

The jury resolved these questions in favor of defendants, and the record very obviously contains evidence which, if true, justifies such conclusions. We find nothing which would authorize us to say that these conclusions are manifestly erroneous.

More than to any other, to this type of case, into which witnesses bring acrimony and personal bitterness, there should be applied the doctrine to which we have alluded, that a judgment based on a question of fact should not be reversed unless manifestly erroneous.

The judgment appealed from is affirmed. Affirmed.